IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ERICA MONIQUE THOMAS,

    Petitioner,

v.

    Civil Action No. 11-1201-RGA

FLUVANNA CORRECTIONAL
CENTER FOR WOMEN, Holder of
the Key,

    Respondent.

## MEMORANDUM

Petitioner Thomas has filed a document titled "Petition for Emergency Writ of Habeas Corpus". (D.I. 1) Thomas is a prisoner at Fluvanna Correctional Center for Women in Troy, Virginia, and she alleges that respondent is a corporate entity which is unlawfully detaining her because "no criminal action in the State of Virginia or in the United States of America has been commenced against [her] by the filing of an affidavit/complaint, by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance." *Id.* at 2. Thomas asserts that this court can review the instant proceeding because it has "original administrative jurisdiction and authority" over Delaware corporations operating in the State of Virginia, and respondent is a corporation linked directly to corporations "incorporated either directly or indirectly in the State of Delaware." *Id.* at 2-3. Thomas seeks her immediate release. *Id.* at 4.

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily

dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." See Rule 4, 28 U.S.C. foll. § 2255. This is such a case. The Courts with jurisdiction over the Petition are in Virginia. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 442 (2004); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973). This court does not have jurisdiction, and therefore will summarily dismiss Thomas's petition for emergency writ of habeas corpus, and will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011). A separate order follows.

1-27-12
DATE

UNITED STATES DISTRICT JUDGE

2